**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EMANUEL SCHMALZ, on Behalf of All Others Similarly Situated,**<br><br>          **Plaintiff,**<br><br>     -against-<br><br>**SOVEREIGN BANCORP, INC., ET AL.,**<br><br>          **Defendants.** | **Civil Action No.: 08-cv-00857 (RBS)** |
| **GAIL WENTWORTH, individually and on behalf of all others similarly situation,**<br><br>          **Plaintiff,**<br><br>     -v.-<br><br>**SOVEREIGN BANCORP, INC., ET AL.,**<br><br>          **Defendants.** | **Civil Action No.: 08-cv-01991 (RBS)** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1**

Defendants oppose the entry of the form of order proposed by Plaintiffs as "Pretrial Order No. 1".

While the Federal Rules of Civil Procedure would authorize some if not all of the elaborate machinery proposed by Plaintiffs where it might be needed, that situation is not present today. A lengthy legal discourse rebutting Plaintiffs' motion is hardly necessary in light of the following realities:

1. At the present time, there are only two ERISA-related actions pending against Sovereign Bancorp, Inc., not a multiplicity of actions.

2. Plaintiffs in the two actions have agreed to join forces and file a consolidated amended complaint, whereupon there will only be one action.

3. Plaintiffs are certainly entitled to determine among themselves who will serve as lead counsel, and are capable of doing so without judicial assistance. Defendants will be agreeable to dealing primarily with that lawyer or those lawyers, as Plaintiffs advise.

4. Defendants' counsel has already stipulated that it will accept service of the impending consolidated amended complaint. (With one exception, no service has yet been effectuated upon any Defendant in the two predecessor actions.[1])

5. With the filing of the consolidated amended complaint, any motion to consolidate will be moot.

6. If any related actions should later appear on the horizon, they can be dealt with appropriately at that time. It would be Defendants' expectation that if any related actions were filed in the future they would be assigned to Judge Surrick in the ordinary course. The impact of their being joined with this proceeding can be best determined at the time.

---

[1] Surprisingly, notwithstanding the parties' entry into the stipulation providing for the filing of the consolidated amended complaint and for acceptance of service of that amended complaint, service of the <u>Wentworth</u> complaint was subsequently made upon Sovereign Bancorp, Inc. on May 29, 2008.

7. Rule 23(g) permits but does not require the designation of "interim class counsel". Indeed, as noted in 5 Moore's Federal Practice § 23.121 (Matthew Bender 3d ed. 2008): "under normal circumstances, the court need not formally appoint interim class counsel…."

8. Depending on what is filed by way of a consolidated amended complaint, the ultimate designation of the matter as a class action may or may not be appropriate.

9. Defendants reserve the right to contest any future motion to designate the consolidated action as a class action, and respectfully submit that even the non-binding appointment of one or more attorneys as "interim class counsel" should be eschewed in the absence of compelling circumstances warranting such an appointment. For all of the reasons noted above, those circumstances do not exist at present.

10. It would be particularly premature to do so in light of the fact that virtually all of the Defendants have yet to be brought formally before the Court.

11. In the meantime, it should be noted that simply by the act of filing a putative class action, Plaintiffs' counsel have already undertaken an obligation to represent the best interests of the asserted class, even without formal appointment. Id. at 23-483. No appointment is required to impose that obligation.

For all of the foregoing reasons, Defendants respectfully submit that it is unnecessary, premature, and potentially prejudicial to enter the proposed pre-trial order, including both its proposed appointments of counsel and its elaborate machinery, at this time and request that Plaintiffs' motion be denied.

        Respectfully submitted,


        Daniel E. Wille, Esquire
        REED SMITH LLP
        435 Sixth Avenue
        Pittsburgh, PA  15219
        Telephone:  (412) 288-4584


        *"s"/ John F. Smith, III*
        John F. Smith, III, Esquire
        Shannon E. McClure, Esquire
        Alexis G. Cocco, Esquire
        REED SMITH LLP
        2500 One Liberty Place
        Philadelphia, PA  19103
        Telephone:  (215) 851-8100

        Attorneys for Defendants

Dated:    May 30, 2008

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 30th day of May, 2008, I caused a true and correct copy of the foregoing Defendants' Response to Plaintiffs' Motion for Entry of Pretrial Order No. 1 to be served via facsimile and U.S. First Class Mail upon the following:

Deborah R. Gross, Esquire
Law Offices Bernard M. Gross, P.C.
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Fax: 215-561-3000

Jeffrey M. Norton, Esquire
Robert I. Harwood, Esquire
Tanya Korkhov, Esquire
Harwood Feffer LLP
488 Madison Avenue
New York, NY 10022
Fax: 212-753-3630

Stephen M. Pincus, Esquire
Ellen M. Doyle, Esquire
William T. Payne, Esquire
John Stember, Esquire
Stember Feinstein Doyle & Payne LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Fax: 412-281-1007

Jeffrey S. Abraham, Esquire
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Fax: 212-279-3655

J. Brian McTigue, Esquire
Gregory Y. Porter, Esquire
McTigue & Porter LLP
5301 Wisconsin Avenue, NW
Suite 350
Washington, DC 20015
Fax: 202-364-9960

                                                   *"s"/ John F. Smith, III*
                                                    John F. Smith, III