UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL SCHMALZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>SOVEREIGN BANCORP, INC., ET AL.,<br><br>Defendants. | Civil Action No.: 08-cv-0857 (WD) (consolidated with Civil Action No. 08-cv-1991) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendants have received and hereby respond to Plaintiffs' Second Notice of Supplemental Authorities. This response can and will be brief.

First, the authorities relied upon by Plaintiffs are all distinguishable on the ground that the settlors of the plans there at issue did not mandate the provision of the option to invest in the stock of the company there in question. In the present case, as is set forth at length in Defendants' several submissions, Sovereign, the company, acting as settlor, has determined that the option to invest in Sovereign stock was required as part of the 401(k) Plan. Similarly, Sovereign, acting as settlor, determined that its matching contributions would be made in the form of company stock. And lastly, Sovereign, acting as settlor, determined that the ESOP would be provisioned with Sovereign stock and provided all of the stock at the outset of the Plan pursuant to a loan arrangement whereby stock would be released over time as and when the plan had funds to replay the loan.

Wishing that the Plans' provisions were not mandatory, and asserting that they were not mandatory, does not make it so. This matter has been extensively discussed in Defendants' filings and the relevant provisions have been cited. Sovereign is <u>not</u> relying simply on the

Plains' status as an EIAP.  On the contrary, the Plan's governing documents and Plan Sponsor resolutions provide that the inclusion of Sovereign stock was not a choice made by Plan fiduciaries.  Rather, Sovereign, as Plan Sponsor and settlor, <u>required</u> that Sovereign stock be included as an investment option for 401(k) participants, <u>directed</u> by Board resolution that matching contributions to the 401(k) plan be made in the form of Sovereign stock, and <u>required</u> that the ESOP be comprised primarily of Sovereign stock.  <u>See</u> Motion to Dismiss at 6-13. These Plan design decisions, made by the settlor in a settlor capacity, required funds to hold this company stock and are not subject to judicial review.  <u>Lockheed Corp. v. Spink</u>, 517 U.S. 882 890 (1996); <u>Edgar v. Avaya</u>, 503 F.3d 340, 346 (3d Cir. 2007) ("[I]f the trust 'requires' the trustee to invest in a particular stock, then the trustee is 'immune from judicial inquiry.'").

Plaintiffs' authorities are therefore of little use.

### <u>Ashcroft v. Iqbal</u>

Defendants respectfully note that there <u>is</u> a new case of great significance: <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S. Ct. 1937, 2009 WL 1361536 (May 18, 2009) (Exhibit A).  <u>Iqbal</u> confirms two fatal aspects of the Plaintiffs' Consolidated Amended Class Action Complaint ("Complaint"), which are also evident in Plaintiffs' Notice of Supplemental Authorities ("Notice").

First, Plaintiffs have not pled facts that support their conclusory assertions that Sovereign (1) made "misleading, inaccurate, and incomplete statements in its filing with the Securities and Exchange Commission, press releases and investor conference calls, (2) experienced a "collapse of company-wide internal controls over the more than seven year class period, or (3) used "lax or non-existent underwriting standards."  Notice at p. 5, 7 and 8.  On page 8, Plaintiffs stretch the

accusations of the Complaint even further but, in any event, still in a completely conclusory way without factual support.  As explained below, <u>Iqbal</u> rejects this theory of pleading.

Second, Plaintiffs repeatedly suggest in their Notice, and contrary to controlling Plan documents, that the investment of Plan assets in Sovereign stock was at the discretion of Plan fiduciaries.  Plaintiffs' suggestions cannot displace Plan documents unequivocally stating the contrary.  <u>Edgar v. Avaya</u>, 503 F.3d 340, 346 (3d Cir. 2007) and <u>Iqbal</u> govern Defendants' Motion to Dismiss and counsel for dismissal here.

As Defendants explained in their Motion to Dismiss, the Supreme Court has "retired" the "no set of facts" statement of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  <u>Iqbal</u> further explains:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content <u>that allows the court to draw the reasonable inference</u> that the defendant is liable for the misconduct alleged.

<u>Iqbal</u>, 129 S. Ct. at 1950 (emphasis added) (quoting <u>Twombly</u>, 550 U.S. at 556, 570).

<u>Iqbal</u> sets forth a two-step method for addressing this "reasonable inference test."    First, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1950.  The Supreme Court explained that for legal conclusions to be assumed true "they *must* be supported by factual allegations." <u>Id.</u> (emphasis added).   Second, after eliminating a complaint's conclusory factual and legal allegations from consideration, the court must determine whether what remains "plausibly give[s] rise to an entitlement to relief." <u>Id.</u>  This second "plausibility" step is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> A complaint which states only "sheer possibility" or conceivability that a defendant has acted

unlawfully is not sufficient.  Id. at 1949-50.  Instead, the plaintiff bears the burden of pleading

facts sufficient to defeat all of the "more likely explanations" for defendant's conduct which

were not unlawful.  See id. at 1951 (finding that plaintiff's complaint failed to state a plausible

claim, where the allegations of unlawful conduct were found less than plausible in the face of an

"'obvious alternative explanation'" for the "parallel course of conduct") (quoting Twombly, 550

U.S. at 567).

Applying the Iqbal analytical framework to Plaintiffs' Complaint confirms that dismissal

is warranted here.  Plaintiffs' Complaint uses conclusory phrases like "lacked internal controls"

and "lax underwriting," without providing any *factual* support for these conclusory allegations.

See Motion to Dismiss at 32-35; see, e.g., Complaint ¶¶ 81, 149.   In fact, Defendants

demonstrated that Plaintiffs' citations to alleged misrepresentations in SEC filings were, in fact,

quotations Plaintiffs took out of context, a point Plaintiffs have conceded through silence. When

this Court eliminates from consideration all of the Plaintiffs' conclusory allegations, Defendants

respectfully submit there are no factual premises for the conclusory allegations of a "lack of

internal controls" or "lax underwriting standards," misrepresentations in public communications

or any actionable conduct from which liability for an ERISA breach of fiduciary duty can

plausibly be inferred.  Not even the "sheer possibility" of relief, which is insufficient under Iqbal

and Twombley, can be inferred.  No well-pled facts in the Complaint "'nudge[] their claims …

across the line from conceivable to plausible.'"  Iqbal, 129 S. Ct. at 1952 (quoting Twombly, 550

U.S. at 570).  At this point, not even a "conceivable" right to relief can be reasonably inferred.[1]

---

[1]        Plaintiffs skirt Iqbal.  Plaintiffs suggest that alleging "substantial losses" and that "defendants knew or
should have known" "sufficiently" states their claim, drawing an analogy to the pre-Iqbal Pfizer opinion.  See Notice
at 3.  But Iqbal instructs that "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

Iqbal confirms that courts are to employ critical analysis at the motion to dismiss stage to ensure that baseless, conclusory claims do not proceed to expensive, time-consuming discovery. As the Plaintiffs have not demonstrated a plausible right to relief, dismissal is warranted.

                                    Respectfully submitted,

                                    Daniel E. Wille, Esquire
                                    REED SMITH LLP
                                    435 Sixth Avenue
                                    Pittsburgh, PA  15219
                                    Telephone:  (412) 288-4584

                                    "s"/John F. Smith, III
                                    John F. Smith, III, Esquire
                                    Shannon E. McClure, Esquire
                                    Alexis G. Cocco, Esquire
                                    REED SMITH LLP
                                    2500 One Liberty Place
                                    1650 Market Street
                                    Philadelphia, PA  19103
                                    Telephone:  (215) 851-8100

Dated:  June 8, 2009               Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon E. McClure, caused to be served a true and correct copy of the foregoing

Defendants' Notice of Supplemental Authorities and Response to Plaintiffs' Second Notice of

Supplemental Authorities this 8th day of June, 2009, upon the following counsel in the manner

noted below:

Deborah R. Gross, Esquire
Law Offices Bernard M. Gross, P.C.
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107
Fax:  215-561-3000
(ECF)

Jeffrey S. Abraham, Esquire
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, NY  10119
Fax:  212-279-3655
(ECF)

Jeffrey M. Norton, Esquire
Robert I. Harwood, Esquire
Tanya Korkhov, Esquire
Harwood Feffer LLP
488 Madison Avenue
New York, NY  10022
Fax:  212-753-3630
(ECF)

J. Brian McTigue, Esquire
Gregory Y. Porter, Esquire
McTigue & Porter LLP
5301 Wisconsin Avenue, NW
Suite 350
Washington, DC  20015
Fax:  202-364-9960
(ECF)

Stephen M. Pincus, Esquire
Ellen M. Doyle, Esquire
William T. Payne, Esquire
John Stember, Esquire
Stember Feinstein Doyle & Payne LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Fax:  412-281-1007
(ECF)

"s"/Shannon E. McClure
Shannon E. McClure