**IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EMANUEL SCHMALZ and GAIL WENTWORTH, Individually, and on Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>-against-<br><br>**SOVEREIGN BANCORP, INC., ET AL.,**<br><br>Defendants. | C.A. No. 08-civ-00857 (WD) |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

In connection with Defendants' pending motion to dismiss the above-captioned consolidated action, Plaintiffs respectfully submit the following supplemental authorities for the Court's consideration: (1) *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. Nov. 25, 2009) (attached hereto as Exhibit A); (2) *Taylor v. KeyCorp*, slip op., No. 08-CV-1927 (N.D. Ohio Nov. 23, 2009) (unpublished; attached hereto as Exhibit B); (3) *In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, No. 2:08-MD-1919, 2009 WL 3246994 (W.D. Wash. Oct. 5, 2009) ("*WAMU*") (attached hereto as Exhibit C); and (4) *Sims v. First Horizon Nat'l Corp.*, No. 08-CV-2293, 2009 WL 3241689 (W.D. Tenn. Sept. 30, 2009) (attached hereto as Exhibit D).

<u>*Wal-Mart*</u>

In *Wal-Mart*, the Eighth Circuit determined that the plaintiff, a participant in an employee retirement plan, properly stated claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Eighth Circuit held that "Rule 8 does not . . . require a plaintiff to plead specific facts explaining precisely how the defendant's conduct was unlawful;" rather, "it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests." 588 F.3d 585, 2009 WL 4062105 at *7 (citations and internal quotation marks omitted).[1] The Eighth Circuit also noted "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences. . . . If plaintiffs cannot state a claim without pleading facts which tend systematically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer." *Id*. at *9. This issue was previously addressed in Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition") [Dkt. No. 32] at 10-12.

Also, in *Wal-Mart*, the court reversed dismissal of the plaintiff's non-disclosure claim, holding that "[a] reasonable trier of fact could find that failure to disclose this information would mislead a reasonable participant in the process of making investment decisions under the Plan. For example, participants might conclude in light of this information that Plan funds were not selected using appropriate criteria and might therefore direct their investments toward other options." *Id*. at *11 (citations and internal

---

[1] Plaintiffs cite to the Westlaw page numbers because full federal reporter page numbers were not available at this writing.

quotation marks omitted). This issue was previously addressed in Plaintiffs' Opposition [Dkt. No. 32] at 35-38.

### *KeyCorp*

*KeyCorp* sustained ERISA prudence and non-disclosure claims which are materially similar to those alleged in the instant action. In *KeyCorp*, the plaintiffs alleged that the defendants "breached their fiduciary duty by permitting any participant to have the option of holding or investing in even one share of KeyCorp stock . . . when [such] stock was an excessively risky vehicle for retirement savings." *KeyCorp*, slip op. at 8 (internal citations and quotations omitted). Indeed *KeyCorp* held that even "ESOPs are still governed by ERISA requirements for fiduciaries" (slip op. at 9), and that "[p]laintiffs have alleged facts supporting their assertion that [d]efendants knew of Key's high-risk conduct which exposed it to extraordinary risks," (slip op. at 10), the *KeyCorp* court permitted plaintiffs' prudence claims to proceed (slip op. at 11). Here as in *KeyCorp*, Plaintiffs have alleged that Defendants failed to protect the Sovereign Bancorp, Inc. Retirement Plan (the "Plan") and its participants despite their knowledge of material mismanagement and the materially altered risk profile and financial health of Sovereign Bancorp, Inc. ("Sovereign") which, given the purposes of the Plan, rendered Sovereign stock an imprudent retirement investment. (*See* Consol. Am. Class Action Compl. [Dkt. No. 27] at ¶¶ 165-173, 192-96).

Further, with respect to the non-disclosure claim, the *KeyCorp* court held that the plaintiffs had properly stated a claim for breach of fiduciary duty by alleging that the defendants had "incorporate[ed] false SEC filings into plan documents." *KeyCorp*, slip

op. at 15. This issue was previously addressed in Plaintiffs' Opposition [Dkt. No. 32] at 28-31.

## *WAMU*

*WAMU* analyzed the fiduciary status of the defendants through "a functional inquiry" in which "the relevant question. . . [was] whether [the WAMU Plan Investment Committee] had any discretionary authority to remove the WaMu securities option after it had been created." 2009 WL 3246994, at **5-6. *WAMU* held that the "[p]laintiffs' allegation that '[n]othing in the [p]lan required the WaMu Company Stock Fund as an investment option or limited the ability of the [p]lan fiduciaries to remove the options' appears sufficient in light of the [p]lan's embracive use of 'investment fund.'" *Id*. at *6.

Noting that "[t]he terms of the [p]lan create some ambiguity as to whether the [WAMU Plan Investment Committee's] discretion to select funds would include the selection of the Company Stock Fund," the *WAMU* court held that "[r]esolving this ambiguity in [p]laintiffs' favor at the motion to dismiss phase, the [c]ourt finds a plausible claim that [the WAMU Plan Investment Committee] members were fiduciaries with the discretion to remove WaMu securities from the menu of investment options." *Id*. Here, Plaintiffs' Opposition makes clear that Defendants had full discretionary authority under governing Plan documents with respect to the removal, if necessary, of any investment option, including Sovereign stock, from the Plan's investment menu. (*See* Opposition [Dkt. No. 32] at 15-24).

Further, in upholding the *WAMU* plaintiffs' disclosure claim against the WAMU Plan Administration Committee, the court noted that the Ninth Circuit has held that ERISA plan fiduciaries have an affirmative obligation to disclose relevant plan

4

information, citing Ninth Circuit authority reasoning that "'once an ERISA fiduciary has material information relevant to a plan participant ... it must provide that information whether or not it is asked a question.'"  2009 WL 3246994, at *8 (citing *Bins v. Exxon Co. U.S.A.*, 189 F.3d 929, 939 (9th Cir. 1999)).  The *WAMU* court further observed that "[c]ourts have recognized that the act of incorporating SEC filings into Plan communications may give rise to ERISA liability," and that as such, "[plaintiffs' Complaint thus presents a straightforward claim for breach of the duty of disclosure arising from [the WAMU Plan Administration Committee's] fiduciary duty to disseminate [p]lan documents." *Id*. at *9.  Here, Plaintiffs briefed the issue of whether SEC filings incorporated into Plan communications constitute fiduciary communications in their Opposition [Dkt. No. 32] at 29-31.

    *WAMU* also upheld the plaintiffs' monitoring claims noting that "[c]ourts recognize that this type of monitoring claim is fact-intensive [*sic*] requiring a significant amount of discovery," *Id*. at *10.  The *WAMU* court ruled that plaintiffs' allegations that "the Director Defendants failed to ensure [that the WAMU Plan Investment and Administration Committees] 'appreciated the true extent of WaMu's highly risky and inappropriate business practices,'" give rise to a plausible claim.  *Id*. (citations omitted).  The *WAMU* court also sustained plaintiffs' co-fiduciary liability claims against the company's board of directors.  *Id*. at *11.  Here, Plaintiffs briefed their monitoring and co-fiduciary liability claims in their Opposition [Dkt. No. 32] at 51-55 and 56-57, respectively.

### *First Horizon*

*First Horizon* held that "an ESOP fiduciary may be liable for failing to diversify plan assets even when the plan required that an ESOP invest primarily in company stock" (2009 WL 3241689, at *23), and that "[p]laintiffs have stated a plausible claim that [d]efendants breached their fiduciary duty by continuing to invest [p]lan assets in [company] stock even after they knew that it was no longer prudent to do so." *Id*. at *24. This issue was previously addressed in Plaintiffs' Opposition [Dkt. No. 32] at 18-22.

*First Horizon* also rejected the defendants' arguments that "the [prudence] presumption creates a heightened pleadings [sic] standard for an ERISA plaintiff." *Id*. at *24. Elaborating on this issue, *First Horizon* explained:

> [*Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995)] did not involve a dismissal on the pleadings and provides that a plaintiff "may rebut the presumption by *showing* that a prudent fiduciary acting under similar circumstances would have made a different investment decision" [emphasis in *Sims*]. The Sixth Circuit has described the rebuttal as a "showing," which suggests to the Court an evidentiary standard, that is, the plaintiff carries the burden to overcome the presumption with facts or evidence to make the "showing." This conclusion is consistent with rulings from other courts in this Circuit which have held that the *Kuper* presumption is an evidentiary, and not a pleading, standard. Indeed, it appears to the Court that the majority of the courts in this Circuit to consider this issue have concluded that an ESOP plaintiff need only satisfy Rule 8 notice pleading requirements with respect to similar breach of fiduciary duty claims in order to survive a Rule 12(b)(6) motion to dismiss. Furthermore, *Kuper* did not require that a plaintiff plead the impending collapse of the employer or other dire circumstances to rebut the presumption that the ESOP fiduciary acted reasonably in investing in employer stock. On the contrary, the rebuttal standard is much broader and requires only that "a prudent fiduciary acting under similar circumstances would have made a different investment decision."

*Id*. (internal citations omitted). *First Horizon* therefore sustained the plaintiffs' breach of the duty of prudence claim, "[h]aving concluded that [p]laintiffs need not

overcome the *Kuper* presumption as a matter of pleading." *Id*. at *25.  This issue was previously addressed in Plaintiffs' Opposition [Dkt. No. 32] at 22-24.

## CONCLUSION

Because the issues addressed in *Wal-Mart*, *KeyCorp*, *WAMU* and *First Horizon* directly bear on those presented in this case, Plaintiffs respectfully request that the Court consider these authorities and sustain the analogous ERISA claims in this action.

Dated:  January 13, 2010

        Respectfully submitted,

        **LAW OFFICES BERNARD M. GROSS, P.C.**


  By:     */s/Deborah R. Gross*
        Deborah R. Gross (DG-639)
        Suite 450, The Wanamaker Building
        100 Penn Square East
        Philadelphia, PA 19107
        Telephone: (215) 561-3600
        Facsimile:  (215) 561-3000

        Robert I. Harwood
        Jeffrey M. Norton
        Tanya Korkhov
        **HARWOOD FEFFER LLP**
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 935-7400
        Facsimile:  (212) 753-3630

        Jeffrey S. Abraham
        Ximena Skovron
        **ABRAHAM, FRUCHTER & TWERSKY, LLP**
        One Penn Plaza, Suite 2805
        New York, NY 10119
        Telephone: (212) 279-5050
        Facsimile:  (212) 279-3655

John Stember  
Ellen M. Doyle  
William T. Payne  
Stephen M. Pincus  
**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**  
1705 Allegheny Building  
429 Forbes Avenue  
Pittsburgh, PA  15219  
Telephone: (412) 281-8400  
Facsimile:  (412) 281-1007  

J. Brian McTigue  
**MCTIGUE & VEIS LLP**  
4530 Wisconsin Avenue, N.W.  
Suite 300  
Washington, D.C. 20016  
Telephone: (202) 364-6900  
Facsimile:  (202) 364-9960  

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ *Deborah R. Gross*
Deborah R. Gross


Deborah R. Gross (DG-639)
**LAW OFFICES BERNARD M. GROSS, P.C.**
Suite 450, John Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Telephone: (215) 561-3600
Facsimile:  (215) 561-3000