


# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMANUEL SCHMALZ, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

-against-

SOVEREIGN BANCORP, INC., ET AL.,

    Defendants.

Civil Action No.: 08-cv-0857 (WD) File
(consolidated with Civil Action No. 08-cv-1991) X

FILED
OCT - 2 2012
MICHAEL E. KUNZ, Clerk
By JL Dep. Clerk

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiffs Emanuel Schmalz and Gail Wentworth and Defendants Sovereign Bancorp, Inc., and the Retirement Savings Plan Committee of Sovereign Bancorp, Inc., by their undersigned counsel, parties to the above-captioned civil action (referred to hereafter as "the Litigation"), anticipate that certain documents and information likely to be produced or disclosed during the course of pre-trial proceedings in the Litigation may contain material that the producing/disclosing party may regard as being subject to protection from production or disclosure under the Federal Rules of Civil Procedure. In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby STIPULATE as follows:

    1.    **Scope of Stipulation.** This Confidentiality Stipulation governs the use and handling in pre-trial proceedings in this Litigation of documents, electronic information in any form (including embedded data and metadata) and tangible things (collectively referred to as "Material") produced pursuant to the Federal Rules of Civil Procedure, to a subpoena, by agreement, or otherwise, that are designated by the producing or disclosing person or entity as

being "Confidential." Interrogatory answers, responses to requests for admission, deposition testimony and other information, including copies, excerpts and summaries thereof may be accorded status as a Confidential Material hereunder. Confidential Material produced in the Litigation shall be used only for the purpose of the Litigation, and not for any other business, competitive, personal, private, legal, public or other purpose whatsoever.

2. **Applicability.** This Confidentiality Stipulation shall apply to (1) all parties currently named or later joined in this action, in the case of parties other than individuals, all divisions, subsidiaries, agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, insurance carriers, attorneys, and all other persons acting on their behalf, and (2) any other person or entity who produces discovery materials in this action.

3. **Designation of Confidential Material.** Any person or entity who produces discovery materials in this action (the "Producing Party") may designate as "Confidential" any Material that it produces in the Litigation which it believes, in good faith, (a) to be non-public personal information within the meaning of state or federal privacy laws (unless the persons being protected by such laws are Plaintiffs and he or she consents to the production); (b) to be information the disclosure of which is prohibited or limited by statute, court order and/or other applicable rule; or (c) other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material"). The designations will be made by an attorney in accordance with Paragraph 7, *infra*.

4. **Persons Who May Access Confidential Material.** Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a) Outside counsel of record for the parties;

(b) In-house counsel for the parties who are actively involved in assisting with the prosecution or defense of the Litigation;

(c) Outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties to assist in the preparation of this case;

(d) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to testify;

(e) Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f) Court reporters, videographers, and stenographers;

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of the Litigation;

(h) The Court and Court personnel;

(i) Any court, administrative agency or governmental body that has subpoenaed such material, subject to Paragraph 17, and

(j) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Case 2:08-cv-00857-WD   Document 74   Filed 10/01/12   Page 4 of 14

5. **Application of this Confidentiality Stipulation to Persons With Access to Confidential Material.** Except as otherwise provided in this Confidentiality Stipulation, each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Confidentiality Stipulation and may not be disclosed or used other than as set forth in this Confidentiality Stipulation.

    (a) Before any person described above in subparagraphs 4(c) or 4(d) is given access to Confidential Material that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Confidentiality Stipulation.

    (b) Before any person described in Paragraph 4(a), (b), (e), (f), or (g) is shown any Confidential Material, that person must be shown a copy of this Confidentiality Stipulation and instructed that he or she is bound by its provisions.

6. **Filing Documents Containing Confidential Material.** In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in the Litigation, such pleading or document and Confidential Material shall be filed under seal, until such time as the Court orders otherwise or denies permission to file under seal. The sealed material, information or papers shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL - FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, and a statement substantially in the following form:

## **CONFIDENTIAL**

This envelope contains documents that are subject to a Confidentiality Stipulation in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

7.  **Production of Documents and Other Material Containing Confidential Material.** The designation of Confidential Material for the purposes of this Confidentiality Stipulation shall be made in the following manner:

    (a)  In the case of documents, either by affixing the legend "Confidential" to each-page containing any Confidential Material, or by indicating on the cover page, wrapper, or container that the enclosed materials are designated as "Confidential";

    (b)  In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as Confidential in a cover letter to the intended recipient that the information is designated as confidential;

    (c)  Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the "Confidential" designation. If a party reduces Confidential Electronic Data to hardcopy form, it shall mark the hardcopy, and any copies of that hardcopy, with the "Confidential" designation;

    (d)  In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure,

or (ii) by written notice sent to all counsel of record for the parties within ten (10) business days after receipt of the deposition transcript. The transcript of those specific portions of such a deposition may be designated as Confidential by a party (or deponent) who, within ten (10) business days after receiving such transcript (and, if applicable, the corresponding portions of any video or other recording of the deposition), underlines the appropriate portions of the transcript to be designated Confidential and marks any such portion on a transcript page with the legend "Confidential." Until expiration of the ten (10) business day period, the entire deposition will be treated as subject to the protection against disclosure under this Stipulation, but if no party or deponent timely designates confidential portions of any transcript or video as confidential, then none of the transcript or video will be treated as confidential. If a timely designation is made, then two versions of the transcript or video will be created: one with the "Confidential"-designated portions removed, and one unaltered version to be maintained under seal;

(e) To the extent that a person described in Paragraph 4 creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material, such person shall take all necessary steps to

    insure that access to any Confidential Material is restricted to those persons who, by the terms of this Confidentiality Stipulation, are allowed access to the Confidential Material;

(f) The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality. In that event, the Designating Party shall produce new copies of the material at issue, with the proper designation.

8. **Use of Confidential Material at Trial or Hearing.** This Confidentiality Stipulation shall not apply to the use of Confidential Material in public hearings or at trial. Any disputes as to the proper treatment of Confidential Material in public hearings or at trial will be resolved separately from this Confidentiality Stipulation.

9. **No Waiver of Privilege.** If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced to the party receiving such information (the "Receiving Party"), such production shall not be presumed to constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. In these circumstances, the Producing Party must notify all parties in writing of the inadvertent production by identifying the Inadvertently Produced Privileged Document and stating the basis for the privilege or other protection from production. Within five (5) business days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, all Receiving Parties shall either (a) destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and expunge from any other document or material any information solely derived from the Inadvertently

Produced Privileged Document; or (b) notify the Producing Party that it intends to move for an order allowing the use of an Inadvertently Produced Privileged Document in the Litigation. If the Receiving Party notifies the Producing Party that it intends to move for an order allowing use of an Inadvertently Produced Privileged Document in the Litigation, it must file its motion within fourteen (14) business days of providing such notice. The motion shall be filed under seal as described in Paragraph 6 of this Confidentiality Stipulation. The Receiving Party may retain one copy of the Inadvertently Produced Privileged Document solely for use in connection with that motion. The document may not be used for any other purpose unless and until the Court rules that it is not privileged. In connection with such a motion, the Receiving Party may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production to the Receiving Party. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

10. **Challenging Confidentiality Designations.** A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must advise the Designating Party in writing that the party objects to the designation. The parties shall have fourteen (14) business days to resolve the dispute. During the fourteen-day period, the Designating Party must explain the basis for its belief that the confidentiality designation is proper. If, following the meet and confer process, there is no resolution of the challenge, the Designating Party shall have fourteen (14) calendar days to apply to the Court for a protective order designating the challenged material as confidential. The challenging party may file a responsive brief within seven (7) calendar days; there will be no reply. Until the Court rules on the challenge, all parties shall continue to afford the Confidential Material in

question the level of protection to which it is entitled under this Confidentiality Stipulation. In the event the Court rules that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials so de-designated without the "Confidential" labeling, at the expense of the Designating Party, within fourteen (14) business days. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. **Reservation of Rights.** This Confidentiality Stipulation shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for any protective orders, or from agreeing to modifications of this Confidentiality Stipulation.

12. **Copy of Confidentiality Stipulation Must Be Served With Any Subpoena.** When serving any subpoena in the Litigation on a non-party to the Litigation, a copy of this Confidentiality Stipulation shall be included with the subpoena.

13. **Third Party Requests for Confidential Material.** If any person receiving Material covered by this Confidentiality Stipulation is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Confidentiality Stipulation, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material by any Producing Party, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable (but in no event more than three (3) business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Material until any dispute relating to the production of such Material is resolved.

14. **Return or Destruction of Confidential Material.** Within sixty (60) calendar days of the termination of the Litigation, including all appeals, all Confidential Material

supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified. Counsel for the Producing Party shall retain for a period not less than five (5) years an archival copy of those pleadings and transcripts that contain Confidential Material of the Producing Party. Counsel for the Producing Party shall make such material available to counsel for the Receiving Party upon request in the event counsel for the Receiving Party reasonably believes he needs the material to defend against claims arising from his conduct of this litigation. Any such archival copies that contain or constitute Confidential Material shall remain subject to the confidentiality obligations imposed by this Confidentiality Stipulation.

15. **Parties May Use Their Own Confidential Material.** Nothing in this Confidentiality Stipulation shall affect a party's use or disclosure of its own documents in any way. This provision applies to the use by any party of Confidential Information that pertains only to that party.

16. **Parties May Use Independently Obtained Documents Regardless of Designation.** Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

17. **Subpoena by other courts or agencies.** If another court, agency or governmental body subpoenas or orders production of confidential items that a party has obtained under the terms of this Stipulation, such party shall promptly notify the Designating Party of such subpoena or order with sufficient time to allow the Designating Party a reasonable opportunity to attempt to quash such subpoena.

18.     **Client consultation.** Nothing in this Stipulation shall prevent or otherwise restrict counsel from rendering advice to their clients, nor from relying on any Confidential Material in the course of such advice, provided that, in rendering such advice, counsel shall not make any specific disclosures of Confidential Material.

19.     **Nonwaiver.** Nothing contained in this Stipulation and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any document or information.

20.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Date: September 28, 2012

_____
Robert I. Harwood, Esquire
Peter W. Overs, Jr. Esquire
Tanya Korkhov, Esquire
**Harwood Feffer LLP**
488 Madison Avenue
New York, NY 10022

Deborah R. Gross, Esquire
**Law Offices Bernard M. Gross, P.C.**
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107

Jeffrey S. Abraham, Esquire
**Abraham, Fruchter & Twersky, LLP**
One Penn Plaza, Suite 2805
New York, NY 10119

Stephen M. Pincus, Esquire
Ellen M. Doyle, Esquire
William T. Payne, Esquire
John Stember, Esquire
**Stember Feinstein Doyle & Payne LLC**
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

*Attorneys for Plaintiffs*

_____
John F. Smith, III, Esquire
Shannon E. McClure, Esquire
Alexis G. Cocco, Esquire
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

*Attorneys for Defendants*

ENTERED
OCT - 2 2012
CLERK OF COURT

APPROVED BY THE COURT:

Dated: October 1, 2012

_____
DITTER, J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL SCHMALZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>SOVEREIGN BANCORP, INC., ET AL.,<br><br>Defendants. | Civil Action No.: 08-cv-0857 (WD) (consolidated with Civil Action No. 08-cv-1991) |

1. I have been requested by counsel for Claimants/Respondents to participate and/or assist in the above-referenced litigation.

2. I have read the Confidentiality Stipulation governing the production and exchange of documents in this arbitration and agree to be bound by its terms as if a signatory thereto. In addition, I hereby acknowledge that the unauthorized use or disclosure of documentation exchanged or produced in the arbitration may constitute contempt and I hereby consent to the exercise of personal jurisdiction of the Eastern District of Pennsylvania for the purpose of enforcing the Confidentiality Stipulation.

_____          _____
(Date)                                        (Signature)

                                              _____
                                              (Printed Name)